IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK QUINTERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:09-CV-00106 |
| ) | Judge Sharp |
| WAYNE CARPENTER, ) | |
| ) | DEATH PENALTY CASE |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner's motion to ascertain status of his third motion for discovery. (D/E 136). The motion to ascertain status is **GRANTED**.

In his third motion for discovery (D/E 110), Petitioner seeks limited discovery that may lead to information relevant to the question of whether his post-conviction counsel was ineffective in his representation of Petitioner, which may assist him in demonstrating cause for the alleged procedural default of several claims for relief presented in his petition for habeas corpus. *See Sutton v. Carpenter*, 2014 WL 1041695 (6th Cir. March 19, 2014). Petitioner asserts specific facts in support of this request, including that just prior to and during the relevant time period, counsel was found to be in violation of numerous ethics rules, was repeatedly sanctioned, had his license to practice law in Texas suspended repeatedly, and was required to undergo evaluation and monitoring of his practice for several years. For good cause shown, the third motion for discovery (D/E 110) is **GRANTED**.

By Order entered April 17, 2014 (D/E 135), the Court instructed the Petitioner to submit an amended memorandum in support of his pending motion for partial summary judgment and evidentiary hearing in light of the potential impact of *Sutton* on his allegedly procedurally defaulted claims. Petitioner now asserts that the discovery sought in his third motion for discovery is critical to that memorandum, and asks that the deadline for filing that memorandum be extended in order to allow time to receive and review the requested documents. That request is **GRANTED**, and the parties' deadlines set forth in the

Court's Order of April 17 (D/E 135) are hereby extended for **forty-five (45) days** from the date of entry of this Order.

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge