IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK QUINTERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:09-CV-00106 |
| ) | Judge Sharp |
| WAYNE CARPENTER, ) | |
| ) | DEATH PENALTY CASE |
| Respondent. ) | |

### ORDER

Before the Court is Petitioner's motion to compel discovery in compliance with subpoena (D/E 143), to which the Tennessee Board of Professional Responsibility has responded in opposition. (D/E 144) For the reasons that follow, the motion to ascertain status is **GRANTED**.

The petition in this case presents several claims to which Respondent's entire defense thus far is that they are procedurally defaulted. Those include the claim that Petitioner's trial counsel was ineffective in failing to object to a jury instruction that permitted the jury to consider his guilt collectively with that of another defendant (D/E 99 at 31); the claim that trial counsel was ineffective for failure to obtain exculpatory evidence (*Id.* at 32); and the claim that trial counsel was ineffective for failing to present mitigation evidence and failing to obtain psychological evidence. *Id.* at 51.

In his third motion for discovery (D/E 110), Petitioner sought limited discovery designed to lead to information relevant to the question of whether his post-conviction counsel was ineffective in his representation of Petitioner, which is critical to his ability to pursue these otherwise defaulted claims in light of *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014). In support of his request, Petitioner asserted that just prior to and during the relevant time period, his post-conviction counsel was found to be in violation of numerous ethics rules, was repeatedly sanctioned, had his license to practice law in Texas suspended repeatedly, and was required to undergo evaluation and monitoring of his practice for several years.

The Court granted Petitioner's motion (D/E 137), and a subpoena was served upon, *inter alia*, the Tennessee Board of Professional Responsibility (the "Board") seeking records pertaining to Petitioner's post-conviction counsel. (D/E 138). The Board filed an objection to the subpoena (D/E 140) and now contests Petitioner's motion to compel, on the basis of Tennessee Supreme Court Rule 9, § 32.1, which declares Board records to be confidential and privileged except under circumstances not applying to this case. (D/E 144).

A magistrate judge of this Court has very recently addressed the question "whether confidentiality provisions contained in state law protect information that otherwise would clearly be discoverable" under applicable federal rules. *See Grummons v. Williamson Cnty. Bd. of Educ.*, 3:13-1076, 2014 WL 1491092, at * 2 (M.D. Tenn. Apr. 15, 2014). The *Grummons* decision, which required production of records of the Tennessee Department of Children's Services pursuant to a protective order, correctly found that the law with regard to production in federal litigation of state records deemed confidential by state law was addressed by this court in *Farley v. Farley*, 952. F.Supp. 1232 (M.D. Tenn. 1997) and summarized its holding as follows:

> [T]here is no constitutional inhibition to the abrogation of privileges arising under state law when a matter is heard in a federal court, and [ ] this is particularly true when the civil action arises under federal law rather than under state law. . . . [M]ost courts that have considered the issue of state privileges have concluded that the state law must yield to the federal interest in full disclosure of all facts bearing upon the denial of federally-guaranteed rights. . . . [O]nly particularly strong state policies justify the withholding of evidence in federal civil rights actions.

*Grummons* at * 3.

Although neither *Farley* nor *Grummons* arose in the context of a habeas corpus action, the Court finds that their rationale is perhaps even more applicable to a case involving the constitutional rights of an individual under a sentence of death.

The Court therefore turns to whether the state has offered any interest in the privilege at issue sufficient to outweigh the need of a capital habeas corpus petitioner to pursue evidence for which the Court has already determined he has good cause to pursue. The Board has suggested two justifications for its need to maintain privilege with respect to its records. The first is that "[t]he mere fact that a complaint has been made against an attorney, or that an attorney is being investigated by a state ethics board, can have devasting effects on a lawyer's reputation." (D/E 144 at 4). In this case, the fact that

the attorney in question is deceased both minimizes the state's interest in preserving his professional reputation and increases the Petitioner's interest in acquiring the Board's records, as the attorney is not available to give evidence about his work on Petitioner's case or his judgment, condition or circumstances at the time he did such work. The state's proffered interest therefore does not outweigh the Petitioner's interest in the requested discovery in this case.

Second, the Board suggests that "informants who make complaints about an attorney's behavior may wish to remain anonymous." (D/E 144 at 4). Generally speaking, this may be true. But even so, that interest can be sufficiently served by production pursuant to a protective order (perhaps even allowing for redaction of the names and other information that directly identifies any complaining parties) and does not support withholding the records in their entirety from a habeas corpus litigant to whose constitutional claims they are potentially relevant.

Accordingly, the Board's objection (D/E 140) is OVERRULED, and Petitioner's motion to compel (D/E 143) is GRANTED, subject to a protective order to be proposed by the Petitioner and the Board. In the event that the parties are unable to submit a jointly proposed order by July 7, 2014, the Court shall enter its own order.

Petitioner has also moved for an extension of time within which to file his amended memorandum in support of his motion for summary judgment. (D/E 146). This motion is GRANTED, and both parties' deadlines set forth in the Court's previous Orders (D/E 135, 137) are hereby extended for 30 days from the date of entry of this Order.

It is so **ORDERED**.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge